1  STEPHANIE M. HINDS (CABN 154284)
   Acting United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  CYNTHIA FREY (DCBN 475889)
   Assistant United States Attorney
5
       450 Golden Gate Avenue, Box 36055
6      San Francisco, California 94102-3495
       Telephone: (415) 436-7200
7      FAX: (415) 436-7234
       cynthia.frey@usdoj.gov
8
   Attorneys for United States of America

FILED

May 24 2021

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:21-MJ-70422 MAG |
| Plaintiff, | STIPULATION TO CONTINUE STATUS CONFERENCE AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT, WAIVER UNDER FEDERAL RULE OF CRIMINAL PROCEDURE 5.1, AND [PROPOSED] ORDER |
| v. | |
| BRENDAN JACY TATUM and JOSEPH HUFFAKER, | |
| Defendants. | |

At the last appearance on this matter on March 12, 2021, the parties agreed to extend the period under Federal Rule of Criminal Procedure 5.1 and the Speedy Trial Act within which to indict or have a preliminary hearing to May 11, 2021, and set a status conference for April 26, 2021. The parties then agreed to continue the status conference and extend the date for a preliminary hearing or indictment by four weeks, to May 24, 2021, and June 8, 2021, respectively. The parties now agree to a further continuance of the status conference to June 8, 2021 and to extend the date for a preliminary hearing or indictment to June 24, 2021.

Accordingly, it is hereby stipulated by and between counsel for the United States and counsel for the defendants, Brendan Jacy TATUM and Joseph HUFFAKER, that time be excluded under the Speedy Trial Act from March 12, 2021 through June 24, 2021, and that the time limits for a preliminary hearing

under Federal Rule of Criminal Procedure 5.1 and for an indictment under the Speedy Trial Act be extended through June 24, 2021.

The government and counsel for the defendants have agreed that time be excluded under the Speedy Trial Act so that defense counsel can prepare, including by reviewing extensive discovery that has been produced pursuant to a proposed protective order, and for continuity of counsel. For these reasons, the parties stipulate and agree that excluding time until and through June 24, 2021 will allow for the effective preparation of counsel and continuity of counsel. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). The parties further stipulate and agree that the ends of justice served by excluding the time from March 12, 2021 through June 24, 2021 from computation under the Speedy Trial Act outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A), (B)(iv).

The parties also stipulate and agree that extending the time limits for a preliminary hearing under Federal Rule of Criminal Procedure 5.1 and for extending the time period for an indictment under the Speedy Trial Act through June 24, 2021, taking into account the public interest in the prompt disposition of criminal cases, will allow for the effective preparation of counsel and continuity of counsel. *See* Fed. R. Crim. P. 5.1; 18 U.S.C. § 3161(b).

The parties also stipulate that, given the above, it is appropriate to continue the status conference in this matter to June 8, 2021.

The undersigned Assistant United States Attorney certifies that he has obtained approval from counsel for the defendant to file this stipulation and proposed order.

**IT IS SO STIPULATED.**

DATED: May 23, 2021
/s/
CYNTHIA FREY
Assistant United States Attorneys

DATED: May 23, 2021
/s/
STUART HANLON
Counsel for Defendant Brendan Jacy Tatum

DATED: May 23, 2021
/s/
JONATHAN RAPEL
Counsel for Defendant Joseph Huffaker

**[PROPOSED] ORDER**

STIPULATION AND [PROPOSED] ORDER
3:21-MJ-70422 MAG
2

Based upon the facts set forth in the stipulation of the parties and the representations made to the Court and for good cause shown, the Court finds that failing to exclude the time from March 12, 2021 and June 24, 2021 would unreasonably deny defense counsel and the defendants the reasonable time necessary for effective preparation, and would unreasonably deny the defendants continuity of counsel, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv). The Court further finds that the ends of justice served by excluding the time from March 12, 2021 and June 24, 2021 from computation under the Speedy Trial Act outweigh the best interests of the public and the defendants in a speedy trial. Therefore, and with the consent of the parties, IT IS HEREBY ORDERED that the time from March 12, 2021 and June 24, 2021 shall be excluded from computation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(A), (B)(iv).

Furthermore, with the consent of the defendants, and taking into account the public interest in the prompt disposition of criminal cases, the Court sets the preliminary hearing to June 24, 2021, and—based on the parties' showing of good cause—finds good cause for extending the time limits for a preliminary hearing under Federal Rule of Criminal Procedure 5.1 and for extending the time period for an indictment under the Speedy Trial Act (based on the exclusion set forth above). Fed. R. Crim. P. 5.1; 18 U.S.C. § 3161(b).

For good cause shown, the Court further orders that the status conference regarding a preliminary hearing or indictment be continued to June 8, 2021.

**IT IS SO ORDERED.**

DATED: \_\_\_May 24, 2021\_\_

HON. THOMAS S. HIXSON
United States Magistrate Judge